# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

BRIAN ARMOND BURNSIDE

Civil No. 1:24-CV-01960

Judge Jennifer P. Wilson

## **MEMORANDUM**

On October 24, 2024, Brian Armond Burnside ("Defendant") filed a notice of removal as to a criminal action filed against him in the York County Court of Common Pleas. (Doc. 1.)[1] Defendant also filed multiple notices or affidavits of indigence and a certified prisoner trust fund account statement. (Docs. 2, 6, 12.) The court will construe Defendant's affidavit of indigence as a motion to proceed *in forma pauperis*, grant the motion to proceed *in forma pauperis*, and remand the case back to the York County Court of Common Pleas because this court lacks jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

In the notice of removal, Defendant purports to remove criminal cases (Case Numbers CR-0004753, CR-0000115, MD-002031, and MD-000038) pending

---

[1] The notice of removal was received and docketed by the court on November 5, 2024.

1

against him in state court. (Doc. 1, p. 1.)[2] With the notice of removal, Defendant also filed a notice by his spouse, Nicole Reneé Burnside ("Mrs. Burside"). (Doc. 9.) Attached to the notice of removal is an information sheet from the York County Clerk of Courts in the case *Commonwealth v. Burnside*, No. CP-67-CR-0004753-2024. (Doc. 1-1.) According to this information sheet, there is a pending criminal case against Defendant for twelve separate counts including fleeing or attempting to elude officer, firearms not to be carried without a license, possession of a prohibited firearm, recklessly endangering another person, marijuana in a small amount for personal use, use/possession of drug paraphernalia, disorderly conduct, and receiving stolen property. (Doc. 1-1); *Commonwealth v. Burnside*, No. CP-67-CR-0004753-2024 (C.P. York Cnty.).

Additionally, Defendant filed multiple notices that he also goes by the name El Unus Per Some Bey direct ex relation to Brian Armond Burnside. (Docs. 5, 7, 8.) Defendant's spouse also has pending criminal charges including with the same charges as Defendant. *Commonwealth v. Burnside*, No. CP-67-CR-0004749-2024 (C.P. York Cnty.).

Defendant filed a pro se notice of removal in his criminal action on October 25, 2024. *Burnside*, No. CP-67-CR-0004753-2024 (C.P. York Cnty.). There has been no such filing in Defendant spouse's criminal action. Additionally,

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Defendant's spouse was not included on the notice of removal filed in the above captioned action. (Doc. 1.) Therefore, despite Mrs. Burnside's affidavit stating "[t]his Notice of Removal . . . is to go along with My Husband's Notice of Removal 1:24-cv-1960 as Our STATE COURT cases are consolidated and we are in fact codefendants in the fraudulent unconstitutional matter," Doc. 9, the court views the above captioned matter as solely a notice of removal in Defendant's state criminal action.

The court received the certified prisoner trust fund account statement as required by 28 U.S.C. § 1915 on December 23, 2024. (Doc. 12.) The court will now grant Defendant's request to proceed *in forma pauperis*. However, Defendant's removed criminal case will be remanded to the York County Court of Common Pleas because this court lacks subject matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and are constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. *See* 28 U.S.C. §§ 1441–1455.

Here, Defendant has not stated a valid basis for removal. When a defendant in a state criminal case files a notice of removal in a United States District Court,

3

that court "shall examine the notice promptly." 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances pursuant to 28 U.S.C. §§ 1442 (federal officers or agencies sued or prosecuted), 1442a (members of armed forces sued or prosecuted), or 1443 (civil rights cases). Defendant's removal fails to qualify under any of these provisions, as discussed further below.

To qualify for removal pursuant to Section 1442, a removing party must establish that he is an officer of the United States or a person acting under an officer of the United States. 28 U.S.C. § 1442; *see Pennsylvania v. Holloway*, No. 24-2209, 2024 WL 5103009 (3d Cir. Dec. 13, 2024). Defendant references this statute by phrasing in his notice of removal: "I am Brian Armand Burnside misidentified as a defendant, Person or Actor being either a federal, state, or municipal agent or employee within the State of Pennsylvania . . . ." (Doc. 1, p. 1.) Despite this obscure reference to Section 1442, Defendant makes no assertion that he is an officer of the United States or a person acting under an officer of the United States. Therefore, the court lacks jurisdiction under Section 1442.

4

Removal under Section 1442a requires a removing party to show, among other things, that he is a member of the armed forces of the United States. 28 U.S.C. § 1442a; *See Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362 (3d Cir. July 31, 2024). Defendant has not alleged that he is in the military. Thus, he has not alleged any facts supporting removal under Section 1442a.

Nor is this action removable under Section 1443. There are two ways an action is removable under Section 1443:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court specifically held that to establish jurisdiction under Section 1443(1), a defendant must satisfy the following two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel*, *supra*, 384 U.S., at 792, 86 S.Ct. at 1790. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone,

5

> satisfy the requirements of § 1443(1). *City of Greenwood v. Peacock*, supra, 384 U.S., at 825, 86 S.Ct., at 1811.
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' *Georgia v. Rachel*, *supra*, 384 U.S., at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.*, at 799, 86 S.Ct., at 1794.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Defendant has not alleged that he has been denied his civil rights in terms of racial equality. Instead, he is alleging that his Second Amendment rights were violated because the underlying state law amounts to an unconstitutional restriction on his right to bear arms. (Doc. 1, p. 3.) He also alleges that his Sixth Amendment right to a speedy trial has been violated. (*Id.*) He further alleges that his Eighth Amendment right has been violated due to his allegedly excessive bail amount. (*Id.*, p. 4.) However, Section 1443(1) does not serve to remedy "the violation of . . . constitutional rights phrased in terms of general rights applicable to all citizens." *Pennsylvania v. Brown–Bey*, 637 F. App'x 686, 688 (3d Cir. 2016). Therefore, he has not established jurisdiction under Section 1443(1).

Next, the Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966). As set forth above, Defendant has not alleged that he is a state officer.

Furthermore, to the extent Defendant may instead be attempting to remove his criminal cases pursuant to 28 U.S.C. § 1441 based on federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332, he cannot do so, as Section 1441 only applies to the removal of civil cases.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").  Additionally, the federal question statute applies to civil (not criminal) cases.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Defendant does not appear to be asserting diversity jurisdiction and even if he does, the diversity statute does not apply to criminal actions.  *See* 28 U.S.C. § 1332 ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state. . . .").  Again, the cases Defendant is attempting to remove are criminal, not civil, actions.

Even if this court were to consider this notice of removal as a lawsuit under 42 U.S.C. § 1983, the notice, construed as a complaint, would be subject to summary dismissal. Defendant is requesting relief of removal of his criminal case which, as discussed above, he may not do. (Doc. 1, p. 5.) He is also requesting that this court intervene in his pending criminal cases, which this court cannot do. Federal courts, absent extraordinary circumstances, are not authorized to interfere with a State's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Id*. at 43–44.

## Conclusion

Because Defendant has not established that this court has jurisdiction over these matters, the removed criminal case will be remanded back to the York County Court of Common Pleas. *See* 28 U.S.C. § 1455(b)(4). The Clerk of Court will be directed to close the case. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Date: January 15, 2025

8