**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | Civil No. 1:24-CV-01960 |
| | : | |
| | : | |
| IN RE: | : | |
| | : | |
| BRIAN ARMOND BURNSIDE | : | |
| | : | |
| | : | |
| | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion for reconsideration of the court's memorandum and order remanding the case back to the York County Court of Common Pleas filed by Brian Armond Burnside ("Burnside"). (Doc. 15.) For the following reasons, the motion for reconsideration will be denied.

### BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2024, Brian Armond Burnside filed a notice of removal as to a criminal action filed against him in the York County Court of Common Pleas. (Doc. 1.) In the notice of removal, Burnside purports to remove criminal cases (Case Numbers CR-0004753, CR-0000115, MD-002031, and MD-000038) pending against him in state court. (Doc. 1, p. 1.) Attached to the notice of removal is an information sheet from the York County Clerk of Courts in the case *Commonwealth v. Burnside*, No. CP-67-CR-0004753-2024. (Doc. 1-1.) According to this information sheet, there is a pending criminal case against

1

Burnside for twelve separate counts including fleeing or attempting to elude

officer, firearms not to be carried without a license, possession of a prohibited

firearm, recklessly endangering another person, marijuana in a small amount for

personal use, use/possession of drug paraphernalia, disorderly conduct, and

receiving stolen property.  (Doc. 1-1); *Commonwealth v. Burnside*, No. CP-67-CR-

0004753-2024 (Ct. Comm. Pl. York Cnty.).

On January 15, 2025, the court reviewed the notice of removal, found that it

lacked subject matter jurisdiction, and remanded the criminal case back to the York

County Court of Common Pleas.  (Docs. 13, 14.)  On February 11, 2025, Burnside

filed a motion to reconsider the court's memorandum and order remanding the

case.  (Doc. 15.)  On February 13, 2025, the court received and docketed an

affidavit in support of his motion for reconsideration.  (Doc. 16.)

## DISCUSSION

Because Burnside's motion seeks reconsideration of an interlocutory order

remanding the case back to the state court, it is brought pursuant to Fed. R. Civ. P.

54(b).  *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa.

2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of

summary judgment, grants of partial summary judgment, or any other non-final

orders—are motions under Federal Rule of Civil Procedure 54(b).").  Under Rule

54(b), an order that does not dispose of every claim in an action "may be revised at

any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp.

3d at 295.  Reconsideration of interlocutory orders "may be had even if a movant

cannot show an intervening change in controlling law, the availability of new

evidence that was not available when the court issues the underlying order, or 'the

need to correct a clear error of law or fact or to prevent manifest injustice.'"

*Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann,*

*Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  "Instead, the court may

permit reconsideration whenever 'consonant with justice to do so.'"  *Id.* (quoting

*St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d

630, 632 (M.D. Pa. 2007)).  Nevertheless, the following limitations apply to such

motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory
> order, the movant must still establish good cause for why the court should
> revisit its prior decision.  Moreover, whether involving a final or
> interlocutory order, a motion for reconsideration is not to be used as a
> means to reargue matters already argued and disposed of or as an attempt
> to relitigate a point of disagreement between the Court and the litigant.
> A reconsideration motion should not be used to try to get a second bite
> at the apple or to raise new arguments or evidence that could have been
> proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks

omitted).

In Burnside's motion for reconsideration, he asserts that he is seeking removal based on the assertion that his case is a civil action and there is a diversity of citizenship. (Doc. 15.) However, both these issues were addressed in the court's memorandum and order remanding the action back to state court. (Docs. 13, 14.) This is a criminal action in the state court. (Doc. 13, p. 2.) Diversity of citizenship does not apply in criminal cases. (*Id.*, pp. 7–8.) Allowing Burnside an opportunity to raise these arguments anew amounts to granting him a second bite at the apple, which is not the purpose of a motion for reconsideration under Fed. R. Civ. P. 54(b). Therefore, the motion will be denied.

### CONCLUSION

For the afore mentioned reasons, the court will deny Burnside's motion for reconsideration. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 24, 2025